PATRICK F. HOWLEY *v.* GEORGE T. CHAFFEE AND JOHN BURTON.

Special Term at Rutland, November, 1917.

Present:   WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed May 8, 1918.

*Chancery—Injunction Damages—Appeal—Findings of Fact—*
*Intendments in Support of Decree.*

In an appeal from a decree determining injunction damages, after the
dissolution of an injunction restraining defendant from moving a
barn, an exception to the master's report on the ground that de-
fendant's damages were caused by the action of the municipal au-
thorities in revoking his permit to move the barn, and not by the
injunction, will not be sustained where the fact of such revocation
is not found, and, if it should be considered as appearing of record,
four days elapsed after the issuance of the injunction before the
revocation, because, by intendment in support of the decree, it will
be considered that this was ample time in which to move the barn
as contemplated.

APPEAL IN CHANCERY. Heard on the report of a special mas-
ter determining the damages occasioned to defendants by the in-
junction previously obtained against them by plaintiff, and plain-
tiff's exceptions thereto, in vacation after the March Term, 1917,
Rutland County, *Slack,* Chancellor. Decree for defendants for
the sum found by the master. Plaintiff appealed. The opinion
states the case. · See prior report of this case, 88 Vt. 468, 93 Atl.
120.

*Charles L. Howe* for plaintiff.

*F. S. Platt* and *W. B. C. Stickney* for defendants.

WATSON, C. J.   This case (reported in 88 Vt. 468, 93 Atl.
120) is now here on the plaintiff's appeal from the decree ren-
dered on the question of injunction damages.

Defendant Chaffee is the owner of certain land situated in
the city of Rutland, known as the "Richardson" property, on

which there was a barn 60 feet long and 35½ feet wide. In the spring of 1913, he contemplated erecting a building hereinafter called the "Playhouse," upon the westerly portion of said premises; and to this end it became necessary to move the barn mentioned. He applied for and received permits or licenses from the city authorities, both to erect such building and to remove the barn. On July 3, 1913, defendant Burton, acting under a contract with Chaffee, had placed the barn on rollers and had moved the same off the Playhouse site to and onto the open lot lying east of that site, when the plaintiff procured an injunction against Chaffee and Burton, restraining them from moving the barn further toward the site contemplated for it. At that time, Chaffee had not determined exactly where he would locate the barn, but had made a contract with Burton to move it for a specified sum to such point along the northerly line of the premises mentioned (as the open lot lying east of the Playhouse site) as he, Chaffee, might finally determine and elect to place it.

The plaintiff excepted to the master's report: "Second.— Because the defendant, by reason of the ordinances of the city, having no right to move the buildings, his damages, if any such there were, were not the result of or occasioned by the injunction, and he cannot recover."

It is argued in support of this exception that the permit to move the barn was revoked by the city authorities on July 7, 1913. But a careful reading of the master's report shows that such revocation is not found. Besides if it be considered as appearing of record, four days elapsed after the injunction was issued before the time of the revocation. For aught we know, this was ample time in which to complete the job of moving the barn as contemplated, had the work not been stopped by the injunction, and by intendment in favor of the decree, it will be so considered.

*Decree affirmed and cause remanded.*